**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| NOBLE SYSTEMS CORP., INC.,<br><br>               Plaintiff,<br><br>v.<br><br>AGR FIELD SERVICES, LLC; AGR GROUP, LLC;<br>ALL GLOBAL RESOURCES LLC; ALL GLOBAL<br>RESOURCES L.L.C.; ENERGYCARE, LLC;<br>ENERGY PROFESSIONALS, LLC; SALES<br>VERIFICATION COMPANY, LLC; TEAMWORKS<br>MARKETING, LLC; US POWER AND GAS, INC.;<br>UTILITIES MARKETING GROUP, LLC; UTILITY<br>SALES MANAGEMENT LLC; UTILITY SALES<br>MANAGEMENT L.L.C.; QUANTUM ENERGY<br>HOLDINGS, LLC; MATT JUDKIN, individually;<br>HERB ZERDEN, individually; ADOLFO QUINTERO,<br>individually; and SHAI EGOSI, individually,<br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL ACTION FILE<br>NO. 16-CV-03406 |

**DEFENDANTS AGR FIELD SERVICES, LLC; AGR GROUP, LLC; ALL GLOBAL RESOURCES, LLC; ALL GLOBAL RESOURCES, L.L.C; ENERGYCARE, LLC; ENERGY PROFESSIONALS, LLC; SALES VERIFICATION COMPANY, LLC; TEAMWORKS MARKETING, LLC; US POWER AND GAS, INC.; UTILITIES MARKETING GROUP, LLC; UTILITY SALES MANAGEMENT LLC; UTILITIES SALES MANAGEMENT, L.L.C; QUANTUM ENERGY HOLDINGS, LLC; MATT JUDKIN; HERB ZERDEN; AND ADOLFO QUINTERO<br>ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT**

       Defendants, AGR Field Services, LLC; AGR Group, LLC; All Global Resources LLC; All Global Resources L.L.C.; EnergyCare, LLC; Energy Professionals, LLC; Sales Verification Company, LLC; TeamWorks Marketing, LLC; US Power And Gas, Inc.; Utilities Marketing Group, LLC; Utility Sales Management LLC; Utility Sales Management, L.L.C., Quantum Energy Holdings, LLC (collectively, the "AGR Companies"); Matt Judkin, Herb Zerden, and

Adolfo Quintero (collectively, the "Executive Defendants") (and together with the AGR Companies, the "AGR Defendants"), through counsel, hereby respond to the Complaint of Plaintiff Noble Systems Corp., Inc. ("Noble" or "Plaintiff") as follows.  Unless specifically admitted, all allegations in the Complaint are denied.

## INTRODUCTION

The Introduction section of Noble's Complaint contains several unnumbered paragraphs in violation of Fed. R. Civ. P. 10(b).  To the extent these paragraphs constitute allegations to which a response is required, AGR Defendants deny such allegations.

## PARTIES

1.      AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and on that basis denies those allegations.

2.      AGR Defendants admit the AGR Companies provide telemarketing, sales, brokerage, verification, and other services in the retail energy sector at call centers located in St. Petersburg, Florida and Las Vegas, Nevada.  AGR Defendants deny the remaining allegations in paragraph 2.

(a)      Admitted.

(b)      Admitted.

(c)      Admitted.

(d)      Denied.[1]

(e)      Admitted.

---

[1] All Global Resources L.L.C. is not a separate and distinct entity.  It was incorrectly registered as a Nevada limited liability company when it fact All Global Resources, LLC (a Florida limited liability company) was simply seeking to register to do business in Nevada as a foreign entity. AGR Defendants have corrected this error with the Nevada Secretary of State and will work with Plaintiff to correct the caption.

(f)     Admitted.

(g)     Admitted.

(h)     Admitted.

(i)     Admitted.

(j)     Admitted.

(k)     Denied.[2]

(l)     AGR Defendants admit Utilities Marketing Group, LLC is a Florida limited liability company with its principal place of business located at 9701 International Court North, Suite A, St. Petersburg, Florida.  AGR Defendants deny the remaining allegations in paragraph 2(l).

(m)     AGR Defendants admit Quantum Energy Holdings, LLC has a principal place of business located at 6275 S. Pearl Street, Suite #100, Las Vegas, Nevada and may be served in Nevada through its registered agent, Laura Zepeda, at the same address.  AGR Defendants deny the remaining allegations in paragraph 2(m).

3.     Admitted.

4.     AGR Defendants admit that at all relevant times Herb Zerden served as Chief Financial Officer of the AGR Companies.

5.      Admitted.

6.     AGR Defendants deny they were allowed unauthorized and unlicensed access to Plaintiff's software.  AGR Defendants lack knowledge or information sufficient to form a belief

---

[2] Utilities Sales Management, L.L.C. is not a separate and distinct entity.  It was incorrectly registered as a Nevada limited liability company when it fact Utilities Sales Management, LLC (a Florida limited liability company) was simply seeking to register to do business in Nevada as a foreign entity.  AGR Defendants have corrected this error with the Nevada Secretary of State and will work with Plaintiff to correct the caption.

as to the truth of the remaining allegations in paragraph 6, and on that basis deny those allegations.

## JURISDICTION AND VENUE

7.     AGR Defendants admit the Complaint purports to allege violations of the Copyright Act of 1976, 17 U.S.C. § 101, et seq.; the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, et seq.; and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.

8.     The allegations of paragraph 8 constitute legal conclusions to which no response is required.  To the extent any response is required, such allegations are denied.

9.     The allegations of paragraph 9 constitute legal conclusions to which no response is required.  To the extent any response is required, such allegations are denied.

10.     The allegations of paragraph 10 constitute legal conclusions to which no response is required.  To the extent any response is required, such allegations are denied.  Responding further, AGR Defendants contend that this action should be transferred to the United States District Court for the District of Colorado, located in Denver, Colorado.

## FACTUAL ALLEGATIONS

**A.     Background**

11.     Denied.

12.     Denied.

13.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis denies those allegations.

**B.**     **The TouchStar Agreement**

14.     AGR Defendants admit Executive Defendants investigated technology to assist with operations, including increased efficiency and productivity.  Except as expressly admitted in the foregoing, AGR Defendants deny the allegations in paragraph 14.

15.     AGR Defendants admit AGR Group, Inc., a California corporation, entered into a Sales and Installation Agreement with TouchStar Software Corporation in or around September 2005.  That Agreement included purchase of a call center system and installation.  AGR Defendants deny the remaining allegations in paragraph 15.

16.     AGR Defendants state that the Agreement speaks for itself.  Insofar as Noble misquotes, misstates, or misrepresents the Agreement, such allegations are denied.

17.     AGR Defendants admit Exhibit C to the Agreement indicates AGR Group, Inc.'s purchase of 32 seats for its Florida location and 72 seats for its California location, totaling 104 seats.  AGR Defendants deny the remaining allegations in paragraph 17.

18.     AGR Defendants admit AGR Group, Inc. executed additional orders for the purchase of SQL and telephony servers for both its Florida and California locations.

19.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies those allegations.

20.     AGR Defendants admit AGR Group, Inc. and UMG, LLC purchased additional equipment and seats from TouchStar for their Florida and California locations.

**C.**     **Noble Acquires TouchStar's Assets**

21.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies those allegations.

22.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies those allegations.

23.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies those allegations.

24.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis denies those allegations.

25.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies those allegations.

26.     AGR Defendants admit that they elected not to enter into an agreement with Noble.  AGR Defendants deny the remaining allegations in paragraph 26.

**D.     Defendants' Infringement and Misappropriation of TouchStar Software**

27.     Denied.

28.     Denied.

29.     Denied.

30.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and on that basis denies those allegations.

31.     Denied.

32.     Denied.

33.     AGR Defendants admit the Executive Defendants expanded their businesses to include each of the AGR Companies and operated call centers in Florida, California, and Nevada.  AGR Defendants also admit the California location is now closed.  AGR Defendants deny the remaining allegations in paragraph 33.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and on that basis denies those allegations.

43.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and on that basis denies those allegations.

44.     Admitted.

45.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and on that basis denies those allegations.

46.     Denied.

### COUNT I — COPYRIGHT INFRINGEMENT
### (Direct and Contributory Against All Defendants)

47.     AGR Defendants hereby restate and incorporate by reference their responses to the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

48.     Denied.

49.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and on that basis denies those allegations.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

## COUNT II: CIRCUMVENTION OF COPYRIGHT PROTECTION
## 18 U.S.C. 1201
## (All Defendants)

60.     AGR Defendants hereby restate and incorporate by reference their responses to the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

61.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and on that basis denies those allegations.

62.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and on that basis denies those allegations.

63.     Denied.

64.     Denied.

65.     Denied.

## COUNT III: MISAPPROPRIATION OF TRADE SECRETS
## 18 U.S.C. 1836(b)
## (All Defendants)

66.     AGR Defendants hereby restate and incorporate by reference their responses to the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

67.     Denied.

68.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and on that basis denies those allegations.

69.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and on that basis denies those allegations.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

## COUNT IV: MISAPPROPRIATION OF TRADE SECRETS
### F.S.A. 688, et seq., N.R.S. 4 600A, et seq., Cal. Civ. Code ,$ 346, et seg., and other state laws as applicable
### (All Defendants)

76.     AGR Defendants hereby restate and incorporate by reference their responses to the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

77.     Denied.

78.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and on that basis denies those allegations.

79.     AGR Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and on that basis denies those allegations.

80.     Denied.

81.     Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

## COUNT V: DECEPTIVE AND UNFAIR TRADE PRACTICES, F.S.A. § 501, et seq. (All Defendants)

86.    AGR Defendants hereby restate and incorporate by reference their responses to the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

## COUNT VI: FEDERAL RICO VIOLATIONS, 18 U.S.C. § 1961, et seq. (Executive Defendants)

92.    Executive Defendants hereby restate and incorporate by reference their responses to the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

93.    Denied.

94.    Denied.

95.    Denied.

(a)    Denied.

(b)    Denied.

(c)    Denied.

      (d)      Denied.

      (e)      Denied.

      (f)      Denied.

96.      Denied.

97.      Denied.

98.      Denied.

99.      Denied.

100.      Denied.

101.      Denied.

102.      Denied.

103.      Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim for Relief)

Noble's Complaint fails to state a claim against AGR Defendants upon which relief can be granted.

### Second Affirmative Defense
### (Statute of Limitations)

The claims asserted in Noble's Complaint are barred by the applicable statute of limitations as Noble has known of AGR Defendants' use of the call center system and rights under the TouchStar Agreement and subsequent agreements since at least 2009 and has failed to take any action until 2016.

**Third Affirmative Defense**
**(Lack of Valid or Enforceable Copyrights)**

The claims asserted in Noble's Complaint are barred, in whole or in part, because Noble lacks valid copyright registrations for the intellectual property rights asserted, or the copyrights are unenforceable.

**Fourth Affirmative Defense**
**(Laches)**

The claims asserted in Noble's Complaint are barred, in whole or in part, by the doctrine of laches as Noble has known of AGR Defendants' use of the call center system and rights under the TouchStar Agreement and subsequent agreements since at least 2009 and has failed to take any action until 2016.

**Fifth Affirmative Defense**
**(Estoppel)**

The claims asserted in Noble's Complaint are barred, in whole or in part, by estoppel, as Noble has known of AGR Defendants' use of the call center system and rights under the TouchStar Agreement and subsequent agreements since at least 2009 and has failed to take any action until 2016.

**Sixth Affirmative Defense**
**(Unclean Hands)**

The claims asserted in Noble's Complaint are barred, in whole or in part, by the doctrine of unclean hands as Noble has acted in bad faith, including by seeking to use its purported intellectual property rights to curtail AGR Defendants' authorized use of the call center system and as leverage for securing an over-priced maintenance and upgrade plan.

**Seventh Affirmative Defense**
**(Waiver)**

The claims asserted in Noble's Complaint are barred, in whole or in part, by the doctrine of waiver as Noble has known of AGR Defendants' use of the call center system and rights under the TouchStar Agreement and subsequent agreements since at least 2009 and has failed to take any action until 2016.

**Eighth Affirmative Defense**
**(License, Consent, and Acquiescence)**

The claims asserted in Noble's Complaint are barred, in whole or in part, by license and/or Noble's consent and acquiescence to AGR Defendants' use, as Noble has known of AGR Defendants' use of the call center system and rights under the TouchStar Agreement and subsequent agreements since at least 2009 and has failed to take any action until 2016.

**Ninth Affirmative Defense**
**(Authorized Use)**

Noble authorized, impliedly or explicitly, AGR Defendants' allegedly infringing use of the works, and the claims asserted in Noble's Complaint are therefore barred by the doctrine of implied license, as Noble has known of AGR Defendants' use of the call center system and rights under the TouchStar Agreement and subsequent agreements since at least 2009 and has failed to take any action until 2016.

**Tenth Affirmative Defense**
**(Failure to Mitigate Damages)**

To the extent Noble suffered any damages, which AGR Defendants expressly deny, Noble has failed to take steps necessary to mitigate the damages sustained as Noble has known of AGR Defendants' use of the call center system and rights under the TouchStar Agreement and subsequent agreements, including the number of seats AGR Defendants' were entitled to, since at least 2009.

**Eleventh Affirmative Defense**
**(Copyright Misuse)**

The claims asserted in Noble's Complaint are barred, in whole or in part, by the doctrine of misuse of copyright, as Noble has sought to use its purported intellectual property rights to curtail AGR Defendants' authorized use of the call center system and as leverage for securing an over-priced maintenance and upgrade plan.

**Twelfth Affirmative Defense**
**(17 U.S.C. § 109 and Exhaustion)**

The claims asserted in Noble's Complaint are barred, in whole or in part, under 17 U.S.C. § 109 and the doctrine of exhaustion because the TouchStar Agreement and subsequent agreements transferred title and ownership of the call center system, including software, to AGR Group, Inc.

**Thirteenth Affirmative Defense**
**(17 U.S.C. § 117)**

The claims asserted in Noble's Complaint are barred, in whole or in part, under 17 U.S.C. § 117 because the TouchStar Agreement and subsequent agreements transferred title and ownership of the call center system, including software, to AGR Group, Inc. and any allegedly infringing actions were necessary for an essential step in utilizing the software .

**Fourteenth Affirmative Defense**
**(17 U.S.C. § 1201(a)(1)(B))**

AGR Defendants are authorized users who were or are adversely affected in their ability to make noninfringing uses of the works by any prohibition on circumvention.

**Fifteenth Affirmative Defense**
**(Readily Ascertainable Information)**

The claims asserted in Counts III and IV of Noble's Complaint are barred because the information alleged to be trade secrets is readily ascertainable.

**Sixteenth Affirmative Defense**
**(Florida Law)**

The claims asserted in Noble's Complaint arising under Florida law are barred because the agreement governing this dispute requires application of Colorado law by the express terms of the underlying agreement.

**Seventeenth Affirmative Defense**
**(Improper Venue)**

The claims asserted in Noble's Complaint are barred because the agreement governing this dispute requires suit brought in state or federal court in Colorado by the express terms of the underlying agreement.

**Eighteenth Affirmative Defense**
**(Lack of Standing)**

The claims asserted in Noble's Complaint are barred, in whole or in part, because Noble lacks standing to bring suit.  Noble could not obtain greater intellectual property rights than TouchStar owned when those assets were purportedly transferred to Noble and AGR Defendants have title and ownership of the call center system, including software.

**Nineteenth Affirmative Defense**
**(Preemption)**

Federal law, specifically the federal Copyright Act, preempts Noble's Count V for deceptive and unfair trade practices under Florida law as the claims for Count V are based entirely on purported copyright infringement and circumvention of copyright protection.

**Additional Defenses**

AGR Defendants reserve the right to amend their Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

## DEMAND FOR RELIEF

WHEREFORE, AGR Defendants respectfully request that this Court:

    A.  Enter judgment dismissing each court of the Complaint in their entirety, with prejudice;

    B.  Award AGR Defendants their reasonable attorneys' fees, expenses, and costs associated with this action under all applicable law; and

    C.  Grant such further relief as the Court deems just and proper.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs AGR Field Services, LLC; AGR Group, LLC; All Global Resources LLC; All Global Resources L.L.C.; EnergyCare, LLC; Energy Professionals, LLC; Sales Verification Company, LLC; TeamWorks Marketing, LLC; US Power And Gas, Inc.; Utilities Marketing Group, LLC; Utility Sales Management LLC; Utility Sales Management, L.L.C.; Quantum Energy Holdings, LLC (collectively, the "AGR Companies"); Matt Judkin, Herb Zerden, and Adolfo Quintero (collectively, the "Executive Counterclaim Plaintiffs") (together with the AGR Companies, the "Counterclaim Plaintiffs"), through counsel, assert the following counterclaims against Counterclaim Defendant Noble Systems Corp., Inc. ("Noble" or "Counterclaim Defendant") and allege as follows:

### NATURE OF CLAIMS

1.    These counterclaims seek relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 regarding Counterclaim Plaintiffs' rights to, and uses of, a Call Center System, including certain software that Noble alleges Counterclaim Plaintiffs' are using without authorization.

2.      Counterclaim Plaintiffs have not and do not infringe Noble's purported copyrights.

3.      Counterclaim Plaintiffs' use of the Call Center System was and is authorized by AGR Group, Inc., who as owner of the Call Center System, is permitted to use, sell or otherwise transfer, or authorize use of, the Call Center System.

4.      Additionally, Counterclaim Plaintiffs were contractually permitted to use the Call Center System, including certain software, based on an explicit agreement between AGR Group, Inc. and TouchStar Software Corporation ("TouchStar") that provided for use by any entity owned and operated by Executive Counterclaim Plaintiffs.

5.      Counterclaim Plaintiffs seeks declarations, by virtue of AGR Group, Inc.'s rights and their common ownership, that they do not infringe Noble's purported copyrights and that they are owners of the Call Center System, including all software associated with the Call Center System.

**THE PARTIES**

6.      Counterclaim Plaintiff AGR Field Services, LLC is a Florida limited liability company with a principal place of business at 9701 International Court North, Suite, A, St. Petersburg, Florida.

7.      Counterclaim Plaintiff AGR Group, LLC is a Florida limited liability company with a principal place of business at 9701 International Court North, Suite, A, St. Petersburg, Florida.

8.      Counterclaim Plaintiff All Global Resources, LLC is a Florida limited liability company with a principal place of business at 9701 International Court North, Suite, A, St. Petersburg, Florida.

9.      Counterclaim Plaintiff All Global Resources, L.L.C. is a Nevada limited liability company with a principal place of business at 6275 S. Pearl Street, Suite 100, Las Vegas, Nevada.[3]

10.     Counterclaim Plaintiff EnergyCare, LLC is a Florida limited liability company with a principal place of business at 9701 International Court North, Suite, A, St. Petersburg, Florida.

11.     Counterclaim Plaintiff Energy Professionals, LLC is a Florida limited liability company with a principal place of business at 9701 International Court North, Suite, A, St. Petersburg, Florida.

12.     Counterclaim Plaintiff Sales Verification Company, LLC is a Florida limited liability company with a principal place of business at 9701 International Court North, Suite, A, St. Petersburg, Florida.

13.     Counterclaim Plaintiff Teamworks Marketing, LLC is a Florida limited liability company with a principal place of business at 9701 International Court North, Suite, A, St. Petersburg, Florida.

14.     Counterclaim Plaintiff US Power and Gas, Inc. is a Florida corporation with its principal place of business at 9701 International Court North, Suite A, St. Petersburg, Florida.

---

[3] All Global Resources L.L.C. is not a separate and distinct entity, though named in Counterclaim Defendant's Complaint.  It was incorrectly registered as a Nevada limited liability company when it fact Counterclaim Plaintiff All Global Resources, LLC (a Florida limited liability company) was simply seeking to register to do business in Nevada as a foreign entity. Counterclaim Plaintiffs have corrected this error with the Nevada Secretary of State and will work with Counterclaim Defendant to correct the caption at the appropriate time.

15.     Counterclaim Plaintiff Utility Sales Management, LLC is a Florida limited liability company with a principal place of business at 9701 International Court North, Suite, A, St. Petersburg, Florida.

16.     Counterclaim Plaintiff Utility Sales Management, L.L.C. is a Nevada limited liability company with a principal place of business at 6275 S. Pearl Street, Suite 100, Las Vegas, Nevada.[4]

17.     Counterclaim Plaintiff Utilities Marketing Group, LLC is a Florida limited liability company with a principal place of business at 9701 International Court North, Suite, A, St. Petersburg, Florida.

18.     Counterclaim Plaintiff Quantum Energy Holdings, LLC is a Delaware limited liability company with a principal place of business at 6275 S. Pearl Street, Suite 100, Las Vegas, Nevada.

19.     Counterclaim Plaintiff Matt Judkin is an individual and a resident of the state of Nevada.

20.     Counterclaim Plaintiff Herb Zerden is an individual and a resident of the state of Florida.

21.     Counterclaim Plaintiff Adolfo Quintero is an individual and a resident of the state of Nevada.

---

[4] Utility Sales Management, L.L.C. is not a separate and distinct entity, though named in Counterclaim Defendant's Complaint.  It was incorrectly registered as a Nevada limited liability company when it fact Counterclaim Plaintiff Utility Sales Management, LLC (a Florida limited liability company) was simply seeking to register to do business in Nevada as a foreign entity. Counterclaim Plaintiffs have corrected this error with the Nevada Secretary of State and will work with Counterclaim Defendant to correct the caption at the appropriate time.

22.     Upon information and belief, Counterclaim Defendant Noble is a Georgia corporation with a principal place of business at 1200 Ashwood Parkway, Suite 300, Atlanta, Georgia.

### JURISDICTION AND VENUE

23.     The Court has jurisdiction over the subject matter of these counterclaims pursuant to 17 U.S.C. § 1, *et seq.*, 28 U.S.C. §§ 1338(a), 2201 and 2202.

24.     The Court also has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship between Counterclaim Plaintiffs and Noble and because the dispute under the Agreement and subsequent agreements exceed $75,000 and Noble's claim of damages for copyright infringement exceeds $75,000.

25.     The Court has personal jurisdiction over Noble because Noble has availed itself of the rights and privileges of this forum by suing Counterclaim Plaintiffs in this judicial district.

26.     Venue for this Counterclaim is lawful in this judicial district, pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), and based on Noble having asserted claims against Counterclaim Plaintiffs in this district.

27.     Counterclaim Plaintiffs contend that the venue of any dispute arising under the Agreement, including Noble's claims against Counterclaim Plaintiffs and these counterclaims, is subject to the forum selection clause of the Agreement which dictate disputes be heard in the state or federal courts of Colorado.  Counterclaim Plaintiffs have concurrently submitted a motion to transfer this action to the U.S. District Court for the District of Colorado.  This Counterclaim is filed in this District only to satisfy Rule of Civil Procedure 13(a) and without waiver of the transfer motion or Counterclaim Plaintiffs' rights under the forum selection clause.

## BACKGROUND

28.     On September 20, 2005, AGR Group, Inc. entered into a "Sales and Installation Agreement" with TouchStar (the "Agreement").  A true and accurate copy of the Agreement is attached as Exhibit 1.

29.     The Agreement provides for the sale and installation of a call center system.

30.     The term "Call Center System" is defined in the Agreement as "the call center system purchased by Customer as set forth on the Sales Confirmation, as the same may be modified from time to time pursuant to a Change Order."

31.     The "Sales Confirmation" refers to Exhibit C of the Agreement, titled "Form of Sales Confirmation" which includes a "Description of Call Center System and lists the following items:

        a.      TouchStar CT Server,

        b.      Blended Inbound/Outbound,

        c.      32-seat x 96-line call center solution – Florida, and

        d.      72-seats x 216 line call center solution – California.

32.     The Form of Sales Confirmation also includes twenty four months of warranty and service.

33.     The total price listed in the Form of Sales Confirmation is $78,000.00.

34.     The Agreement also provides that title to the Call Center System passed from TouchStar to AGR Group, Inc. upon acceptance by AGR Group, Inc.

35.     AGR Group, Inc. accepted the Call Center System.  A true and accurate copy of the Installation Acceptance Agreement is attached as Exhibit 2.

36.     The Agreement also provides that upon payment by AGR Group, Inc., "TouchStar will remove any proprietary scheme that allows TouchStar to disable use" of the software.

37.     AGR Group, Inc. paid TouchStar in full under the terms of the Agreement.

38.     No other documentation regarding a purported license was ever provided.

39.     Between 2005 and 2007, AGR Group, Inc. and a related entity, UMG, LLC purchased additional call center equipment and software from TouchStar.  True and accurate copies of these supplemental agreements are attached as Exhibits 3 through 24 and referred to individually as a "Supplemental Agreement" and collectively as the "Supplemental Agreements."

40.     UMG, LLC is Counterclaim Plaintiff Utilities Marketing Group, LLC.

41.     Many of these Supplemental Agreements incorporate by reference the Agreement.

42.     Included among these agreements was one, dated November 5, 2007, between AGR Group/UMG, LLC and TouchStar, that stated:  "[s]eats/lines may be used at either AGR Group or UMG or any other entity under which the principals are doing business."  Ex. 21.

43.     An invoice sent to AGR Group, Inc. on the same day (for separate goods and services) included similar language:  "this fee is the total fee for both AGR and UMG for their combined systems; and any other entity under which the principals are doing business."  A true and accurate copy of this invoice is attached as Exhibit 25.

44.     The principals of the AGR Group, Inc. were and are the Executive Counterclaim Plaintiffs:  Matt Judkin, Herb Zerden, and Adolfo Quintero.

45.     An agreement between AGR Group, Inc. and TouchStar, dated on or around March 2, 2008, stated:  "[s]eats are transferrable to any location and they include unlimited lines."  Ex. 23.

46.     On April 8, 2008, Joseph Macaluso, an employee of TouchStar, sent Mr. Zerden an email indicating that AGR and UMG combined held 424 seats.  This tally was not broken down between AGR and UMG, consistent with the understanding that Mr. Zerden and the other principals of AGR Group, Inc. could use the agent seats at any business they were operating under.

47.     At all relevant times, Executive Counterclaim Plaintiffs indirectly owned and own all of the AGR Companies and did and are doing business as each of the AGR Companies.

48.     Because the three principals of AGR Group, Inc. own and operate each of the AGR Companies, per the terms of the November 5, 2007 Supplemental Agreement, AGR Companies have rights in and to the Call Center System.

49.     AGR Group, Inc. dissolved on or about October 8, 2014

50.     The call center system continues to be used by Utilities Marketing Group, LLC; Energy Professionals, LLC, All Global Resources, LLC, Utility Sales Management, LLC, EnergyCare, LLC, Teamworks Marketing, LLC; and Sales Verification Company, LLC.

51.     Upon information and belief, in or around September 2009, Noble acquired substantially all of the assets of the "Hosted Division" of TouchStar (the "TouchStar Assets").

52.     Upon information and belief, Noble acquired the TouchStar Assets, including customer contracts and intellectual property, through a receivership proceeding in Colorado in May of 2008.

53.     Upon information and belief formed from a review of the pleadings of that receivership proceeding, Noble acquired the "TouchStar Software Corporation Hardware Sales Agreement and End User License" agreement between TouchStar and Northwest Direct Teleservices, Inc.  A true and accurate copy of the "Northwest Agreement" is attached as Exhibit 26.

54.     The Northwest Agreement specifically identifies an end user license.  Exhibit A to the Northwest Agreement contains the "End User License General Terms and Conditions," that included, among other things the grant of a limited, personal, non-exclusive, non-transferable, revocable right and license to certain software to Northwest Direct Teleservices, Inc., as well as acknowledgment that TouchStar is and shall remain the owner of all right, title, and interest to certain software.

55.     No such similar End User License agreement or language is contained in any documentation received by Counterclaim Plaintiffs.

56.     On or about October 28, 2016, Noble, through counsel, sent a demand letter to the Individual Counterclaim Plaintiffs, in which Noble claimed to be "Successor-in-Interest to TouchStar" alleging, among other things, copyright infringement by the Counterclaim Plaintiffs for their use of the software utilized in the Call Center System.  A true and accurate copy of the Demand Letter is attached as Exhibit 27.

57.     On or about December 14, 2016, Noble filed suit against the Counterclaim Plaintiffs, alleging, among other things, copyright infringement of the software utilized in the Call Center System.

58.      Therefore, an actual controversy exists and Counterclaim Plaintiffs seek declaratory judgments as to the rights they possess with regards to the Call Center System, including the software, as such rights provide a defense to Noble's allegations.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT**
**NONINFRINGEMENT BASED ON OWNERSHIP**

59.      Counterclaim Plaintiffs repeat and realleges the allegations set forth above as if fully set forth herein.

60.      An actual controversy exists because Noble has alleged copyright infringement, among other causes of action, against Counterclaim Plaintiffs and a declaration of the rights and obligations under the Agreement with regards to ownership of the Call Center System is necessary.

61.      Upon acceptance of the Call Center System, title to the Call Center System, including hardware and software, transferred from TouchStar to AGR Group, Inc.

62.      Based upon subsequent agreements with TouchStar, Utilities Marketing Group, LLC obtained the same rights in and to the Call Center System as AGR Group, Inc.

63.      As owner of the Call Center System, AGR Group, Inc. and Utilities Marketing Group, LLC could use, sell or otherwise transfer, or allow use of the Call Center System, including software used therein.

64.      Certain Counterclaim Plaintiffs utilized the Call Center System based on AGR Group, Inc. and Utilities Marketing Group, LLC's rights therein.

65.      AGR Group, Inc. and Utilities Marketing Group, LLC did not use, sell or otherwise transfer, or allow use of the software beyond what they were permitted to do through the Agreement and Supplemental Agreements with TouchStar.

66.     Counterclaim Plaintiffs seek a declaration from the Court that AGR Group, Inc. and Utilities Marketing Group, LLC were and are the owners of the Call Center System, including the software used in connection therewith, and that Counterclaim Plaintiffs use of the Call Center System does not infringe Noble's copyrights or trade secrets.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT**
**NONINFRINGEMENT**

67.     Counterclaim Plaintiffs repeat and reallege the allegations set forth above as if fully set forth herein.

68.     An actual controversy exists because Noble has alleged copyright infringement, among other causes of action, against Counterclaim Plaintiffs and a declaration of the rights and obligations under the Agreement is necessary.

69.     AGR Group, Inc. and Utilities Marketing Group, LLC held 424 seats and unlimited lines with respect to the Call Center System.

70.     AGR Companies are permitted use of these seats and lines based on agreement of AGR Group, Inc., Utilities Marketing Group, LLC, and TouchStar.

71.     Counterclaim Plaintiffs have not and do not concurrently use more than 424 seats at any given time.

72.     Counterclaim Plaintiffs seek a declaration that they do not infringe the purported copyrights owned by Noble, because their use was authorized by TouchStar in connection with the sale of the Call Center System.

## PRAYER FOR RELIEF

WHEREFORE, AGR Defendants/Counterclaim Plaintiffs hereby request that the Court:

A.       Enter judgment dismissing each count of Noble's Complaint in its entirety, with prejudice;

B.       Enter an order declaring AGR Defendants/Counterclaim Plaintiffs do not infringe the purported copyrights and trade secrets of Noble based on their authorized use and rights to the Call Center System, including all software, from AGR Group, Inc. and Utilities Marketing Group, LLC, who were and are owners of the Call Center System.

C.       Enter an order declaring that AGR Defendants/Counterclaim Plaintiffs do not infringe the purported copyrights and trade secrets of Noble based on their authorized use and rights to the Call Center System, based on their authorized use by TouchStar, which authorized use they have not exceeded.

D.       Award AGR Defendants/Counterclaim Plaintiffs their reasonable attorneys' fees, expenses, and costs associated with this action under all applicable law; and

E.       Grant such further relief as the Court deems just and proper.

Dated:  February 9, 2017

Respectfully submitted,

AGR Field Services, LLC; AGR Group, LLC; All Global Resources LLC; All Global Resources L.L.C.; EnergyCare, LLC; Energy Professionals, LLC; Sales Verification Company, LLC; TeamWorks Marketing, LLC; US Power and Gas, Inc.; Utilities Marketing Group, LLC; Utility Sales Management LLC; Utility Sales Management, L.L.C., Quantum Energy Holdings, LLC; Matt Judkin; Herb Zerden; and Adolfo Quintero

By their attorneys:

/s/ James B. Lake
James B. Lake
Florida Bar No. 23477
601 South Boulevard
Tampa, FL 33606
Telephone: (813) 984-3062
Facsimile:  (813) 984-3070
jlake@tlolawfirm.com

and

Jason C. Kravitz
MA Bar No. 565904
Troy K. Lieberman
MA Bar No. 681755
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
Facsimile:  (617) 345-1300
jkravitz@nixonpeabody.com
tlieberman@nixonpeabody.com

*Of counsel*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document is being

electronically filed and will be furnished via CM/ECF on February 9, 2017, to:

| | |
|---|---|
| Richard L. Robbins | Stanford R. Solomon |
| Robbins Ross Allow Belinfante Littlefield LLC | The Solomon Law Group, PA |
| 999 Peachtree Street, N.E., Ste. 1120 | 1881 W Kennedy Blvd |
| Atlanta, GA 30309 | Tampa, FL 33606-1606 |
| rrobbins@robbinsfirm.com | ssolomon@solomonlaw.com |
| | |
| Attorneys for Plaintiff Noble Systems Corp., Inc. | Attorneys for Defendant Shai Egosi |

/s/ James B. Lake_____
James B. Lake, Esq.